# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| JOHN A. ZUIDEMA, JR., | * | |
| | * | No. 15-983V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: November 29, 2016 |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' fees and costs |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * *

<u>Alison H. Haskins</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner; <u>Gordon E. Shemin</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, John A. Zuidema, Jr. filed a motion for attorneys' fees and costs. Mr. Zuidema is awarded **$26,694.05**.

\* \* \*

Mr. Zuidema alleged that the influenza and tetanus-diphtheria-acellular pertussis vaccines caused him to develop Guillain-Barré syndrome. Mr. Zuidema was awarded compensation based on the parties' stipulation. <u>Decision</u>, filed June 16, 2016, 2016 WL 3775934. With the merits of Mr. Zuidema's case resolved, the parties turned to the issue of attorneys' fees and costs.

On September 23, 2016, Mr. Zuidema filed the pending motion for attorneys' fees and costs. Mr. Zuidema requested $25,177.50 in attorneys' fees

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

and $1,516.55 in attorneys' costs. On October 3, 2016, the Secretary filed a response to Mr. Zuidema's application. The Secretary did not identify any specific problems but asserted that for a "similarly-postured GBS case," a reasonable range for attorneys' fees and costs would be from $18,000.00 to $22,000.00. Resp't's Resp., filed Oct. 3, 2016, at 3. The Secretary cited ten cases that she considered comparable in support of her proposed range. The Secretary further suggested that the undersigned "exercise [his] discretion" in determining a reasonable award of attorneys' fees and costs within the range she provided. Resp't's Resp. at 3-4.

Mr. Zuidema disagreed. He argued that because the Secretary has not presented any evidence that the fee application is unreasonable, then it may be deemed unopposed. Pet'r's Reply, filed Oct. 7, 2016, at 2 (citing SUFI Network Servs. v. United States, 113 Fed. Cl. 140, 147 (Fed. Cl. 2013)). Mr. Zuidema states that the Secretary provides no explanation for how the cases cited were compiled, that awards of attorneys' fees and costs in GBS cases varied from over $80,000 to as little as $6,000, and that cases in the Program vary, necessitating individual analysis. Pet'r's Reply at 4-5.

The lack of specific objections from the Secretary was not helpful. See Dorego v. Sec'y of Health & Human Servs., No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016). In an effort glean how the Secretary determined the ten cited cases were in fact "similarly-postured GBS case[s]" to the case at hand, the undersigned issued an order requesting the Secretary briefly explain how the cases are comparable in nature and scope. The undersigned suggested that, at a minimum, the Secretary include comparisons that "include the legal market of petitioner's attorney, existence of an expert report, existence of a life care plan, and presence of a Medicaid lien" if the undersigned was to properly assess the cases as "similarly-postured GBS case[s]." Order, filed Oct. 13, 2016.

On October 21, 2016, the Secretary filed a response. She asserted that the proposed range accounted for case-by-case variation including the legal market. For the cases in which the petitioner was represented by the same firm that represents Mr. Zuidema, the Secretary provided the lump sum payment to petitioner and the attorneys' fees and costs award. The Secretary further asserted that the cases cited were to provide guidance again suggesting that the undersigned exercise discretion when awarding fees. Resp't's Supp'l Resp., filed Oct. 21, 2016.

The undersigned found the October 21, 2016 response from the Secretary inadequate and ordered the Secretary to submit a supplemental response that was

2

in compliance with the October 13, 2016 order. The undersigned warned that a failure to comply could result in an order to show cause regarding additional penalties and sanctions.

The Secretary responded on November 10, 2016, providing more detail for all ten cases which the Secretary now described as "relatively straightforward GBS (or CIDP) claims for cases pending for a comparable amount of time." Given the detail provided by the Secretary, the cases spanned practice areas across the country, primarily involved the flu vaccine, and none used experts or life care planners. Lastly, in each case, the awarded attorneys' fees and costs was an amount to which the parties stipulated – a practice the Secretary no longer uses.

This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Zuidema received compensation, he is entitled to an award of reasonable attorneys' fees by right. 42 U.S.C. § 300aa−15(e).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\*   \*   \*

Mr. Zuidema requests compensation for his attorney, Ms. Allison Haskins. For work in this case, Ms. Haskins has charged $300 per hour for 2015 and $324 per hour for 2016. These rates have been found to be reasonable. Ferguson v. Sec'y of Health & Human Servs., No. 14-975V, 2016 WL 4140949, at *2 (Fed. Cl. July 11, 2016). These rates are also commensurate with her experience and falls within the McCulloch rate matrix. See generally McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), reconsideration denied, No. 09-293V, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Secretary did not directly challenge any of the requested rates as unreasonable. These proposed rates are accepted as reasonable.

3

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). All aspects of the application for attorneys' fees appear reasonable.

In addition to seeking an award for attorneys' fees, Mr. Zuidema seeks compensation for costs expended. The costs appear to be reasonable and are adequately documented. Of note, Mr. Zuidema's attorney took steps to limit costs. See exhibit 23 at 3, 4 (rejecting excessive fee invoices from providers). Consequently, Mr. Zuidema is awarded the full amount of attorneys' costs.

While the foregoing analysis is the basis for this decision, the undersigned has also considered the cases the Secretary offered as relevant comparisons. Among the ten cases, Jones v. Sec'y of Health & Human Servs., No. 14-456V, 2015 WL 1815984 (Fed. Cl. Spec. Mstr. Mar. 27, 2015), bears many similarities to the case at hand. In both cases, the alleged injury was GBS, the same firm represented the petitioner, the time for adjudication was nearly identical (a difference of one month), and there was no Medicaid lien, life care planner, or expert. The comparability of Jones makes it a truly "similarly-postured GBS case" to Mr. Zuidema's case. See Resp't's Supp'l Resp., filed Nov. 10, 2016, at 3.

In Jones, the petitioner was awarded $23,328.91 in attorneys' fees and costs based upon the parties' stipulation. Jones, 2015 WL 1815984 at *1. The difference between the stipulated amount in Jones and the amount requested by Mr. Zuidema is merely $3,365.14. Based upon the undersigned's experience in adjudicating fee applications, it is highly probable that counsel for the parties could have engaged in discussions to reach a compromise, but the Secretary's resistance to do so has led to an increase in litigation. See Whitney v. Sec'y of Health & Human Servs., No. 10-809V, 2016 WL 4491499, at *7 (Fed. Cl. July 27, 2016).

4

\*     \*     \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $26,694.05 ($25,177.50 in fees and $1,516.55 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. Pursuant to General Order No. 9, Mr. Zuidema states that he did not personally incur any costs in pursuit of this litigation.  The undersigned GRANTS the petitioner's motion and awards **$26,694.05** in attorneys' fees and costs.  This shall be paid as follows:

> **A lump sum of $26,694.05, in the form of a check made payable to petitioner and petitioner's attorney, Alison H. Haskins, of Maglio Christopher and Toale, PA, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.